## Hogan, Appellant, *v*. United Fruit Company et al.

*Workmen's compensation—Injury while working as stevedore— Injury occurring on pier on Delaware river—Maritime occupation —Jurisdiction of federal courts—State Compensation Law—Federal Statute, Act of October 6, 1917—Retroactive effect.*

1. Prior to the passage of the Act of Congress of October 6, 1917, a claim for compensation on account of the death of a workman while working as a stevedore at a pier on the Delaware river, could not be made under the State Workmen's Compensation Law inasmuch as the occupation was maritime in its nature and the acts of Congress then in force gave exclusive jurisdiction of such claims to the District Courts of the United States.

2. The Act of Congress of October 6, 1917, which amended the United States Judicial Code by saving to claimants, for compensation for injuries received in maritime employments, "the rights and remedies under the workmen's compensation law of any state," is not retroactive and therefore the State Workmen's Compensation Board had no jurisdiction of a claim for compensation on account of the death of a workman while engaged as a stevedore, where the accident occurred before the passage of the act, although the claim was not filed until after its passage.

Argued January 5, 1920. Appeal, No. 71, Jan. T., 1920, by plaintiff, from judgment of C. P. No. 1, Philadelphia Co., June T., 1918, No. 4498, dismissing appeal from the Workmen's Compensation Board, which dismissed a claim for compensation in the case of Ella Hogan v. United Fruit Company and Travelers Insur-

ance Company, Insurance Carrier.   Before BROWN,
C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ.
Affirmed.

Appeal from decision of Workmen's Compensation
Board, sustaining action of referee dismissing claim
for compensation on account of death of claimant's
husband, for want of jurisdiction.   Before SHOE-
MAKER, J.

Appeal dismissed.   Claimant appealed.

*Error assigned* was order dismissing appeal.

*Joseph A. Allen,* with him *William F. Brennan,* for
appellant.—A state law which provides for a matter
upon which Congress has already legislated is merely
suspended during the operation of the act of Congress;
and upon the repeal of the act, the state law is at once
valid and operative as to all matters within its purview:
In re Rahrer, 140 U. S. 545; Central Pacific R. Co. v.
Nevada, 162 U. S. 512, 523; Cimmino v. Park, 172 N. Y.
Supp. 478; Sturgis v. Spofford, 45 N. Y. 446.

It is not necessary to hold that the Act of Congress of
October 6, 1917, was retroactive in order to sustain the
claim of appellant.

The act of Congress, saving to claimants their "rights
and remedies" under state workmen's compensation
laws, means that rights and remedies, already vested by
said laws, are saved for the claimants.

*Benjamin O. Frick,* with him *Prichard, Saul, Bayard
& Evans,* for appellees.—The Workmen's Compensation
Act, by its terms, does not apply: Act of June 2, 1915,
P. L. 736.

The contract of employment between decedent and his
employer was a maritime contract, to which the legisla-
ture could not extend the Compensation Act: Southern
Pacific Co. v. Jensen, 244 U. S. 205.

The Act of Congress of October 6, 1917, is not retroactive: Horn & Brannen Co. v. Steelman, 215 Pa. 187; McMichael v. Skilton, 13 Pa. 315; Edmundson v. Wragg, 104 Pa. 500; Twenty Per Cent Cases, 20 Wallace 179; Farrington v. Tennessee, 95 U. S. 679; Shreveport v. Cole, 129 U. S. 36; United States v. American Sugar Ref. Co., 202 U. S. 563.

OPINION BY MR. CHIEF JUSTICE BROWN, February 2, 1920:

On May 28, 1917, Michael Hogan, the husband of the appellant, while working as a stevedore in the employ of the United Fruit Company at a pier on the Delaware river, sustained injuries which resulted in his death. His occupation as a stevedore was maritime in its nature : Southern Pacific Company v. Jenson, 244 U. S. 205 ; and it is conceded that, at the time of her husband's death, appellant's claim for compensation could not have been made under the State Workmen's Compensation Act, as the acts of Congress then in force had given exclusive jurisdiction of such claim to the district courts of the United States: Judicial Code, secs. 24 and 256, 1 and 2 Compiled Statutes U. S., secs. 991 and 1233. On October 6, 1917, these sections were amended by saving to the claimants for compensation for injuries received in maritime employments "the rights and remedies under the workmen's compensation law of any state": Barnes's Federal Code, secs. 785 and 1021. On March 16, 1918,—nearly six months after the passage of the amending act—the appellant filed with the Workmen's Compensation Board of this State her petition for compensation for the death of her husband. It was dismissed by the referee on the ground that the board had no jurisdiction of the claim, as the amending act was not retroactive. His action was sustained by the compensation board, and the appeal from its decision to the court below was dismissed

for the reason given by the referee in disallowing appellant's claim.

Unless the Act of Congress of October 6, 1917, is retroactive, it is admitted that the claim which appellant makes cannot be allowed. That the statute is not retroactive is no longer an open question, for the Supreme Court of the United States held that it is not in an opinion rendered shortly before the argument of this appeal, but not brought to our notice until after it was taken sub judice. The Supreme Court of Louisiana held that the amending act was retroactive, and affirmed an award of compensation made by the Workmen's Compensation Board of the State for injuries sustained by a longshoreman in August, 1915, while unloading a vessel lying in a navigable river. In holding that this was error, Mr. Justice MCREYNOLDS, speaking for his court, said: "Clause third, § 24, of the Judicial Code [36 Stat. at L. 1091, chap. 231], confers upon the district courts of the United States jurisdiction 'of all civil causes of admiralty and maritime jurisdiction, saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it.' Clause third, § 256, provides that the jurisdiction of the courts of the United States shall be exclusive in 'all civil causes of admiralty and maritime jurisdiction, saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it.' By an act approved October 6, 1917, c. 97, 40 Stat. 395 [Comp. Stat. §§ 991, 1233 (3), Federal Stat. Anno. Supplement 1918, pp. 401, 414], Congress directed that both of these clauses be amended by inserting after 'saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it,' the words 'and to claimants the rights and remedies under the workmen's compensation law of any state.' The court below erroneously concluded that this act should be given retroactive effect and applied in the present controversy. There is nothing in the language employed, nor is there

any circumstance known to us, which indicates a purpose to make the act applicable when the cause of action arose before its passage; and we think it must not be so construed": Peters v. Veasey, 251 U. S. 121.

Appeal dismissed.