## Hartzfeld *v.* Bloom, Appellant.

324

Argued April 15, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*W. Albert Ramey,* for appellant.

*Clarence A. Patterson,* for appellee.

OPINION BY RHODES, J., July 15, 1937:

This is a workmen's compensation case. The referee made an award which was affirmed by the board, and

judgment was entered by the court of common pleas in favor of the claimant and her minor child. Defendant has appealed.

There is no dispute about the facts. Deceased died as the result of injuries sustained by an accident on June 26, 1934, near Lancaster, Pa., while he was operating defendant's truck in the course of his employment. The defendant, a resident of Clearfield County, Pa., had a contract to transport by truck for the Triangle Spring Co., of DuBois, Pa., automobile springs to points within and without Pennsylvania. Most of the shipments were from DuBois to New York City. Defendant hauled exclusively for the spring company; and deceased was employed by defendant to make some of the trips, especially those to New York City. It was on such a trip between DuBois and New York City that the accident happened resulting in deceased's death. Defendant was a private contract carrier. It is conceded that deceased and his employer were engaged in interstate commerce at the time of the fatal accident. The question presented on this appeal is whether being so engaged as the employee of defendant, a private contract carrier by motor truck, deceased and his employer were subject to our Workmen's Compensation Act of 1915.

It is urged upon us by defendant that the Workmen's Compensation Act of 1915 (as amended 77 PS §1 et seq.) is not applicable as deceased was engaged solely in interstate commerce; that the regulation of interstate commerce is a power delegated solely to the federal government; that the application of the provisions of the Workmen's Compensation Act to persons engaged solely in interstate commerce constitutes a regulation thereof.

Section 1 of the Workmen's Compensation Act of 1915 (as amended 77 PS §1) provides that the act "shall apply to all accidents occurring within this Com-

monwealth, irrespective of the place where the contract of hiring was made, renewed or extended ......"
The contract of hiring in this case was made within this Commonwealth, and the accident happened therein in the course of deceased's employment; but the employment was in interstate commerce. Nevertheless, we are of the opinion that the parties were amenable to the Workmen's Compensation Act of 1915, and that the judgment must be affirmed.

Article 1, §8, cl. 3, of the Constitution of the United States provides as follows: "The Congress shall have Power ...... To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes."

The application of the Workmen's Compensation Act of 1915 to the instant case results in no interference with the power to regulate interstate commerce vested exclusively in Congress. Such commerce is not directly burdened thereby, nor is its freedom curtailed.

In *Sherlock v. Alling*, 93 U. S. 99, 23 L. Ed. 819, Alling's intestate was killed, within the territorial limits of Indiana, as the result of a collision of two steamers navigating the Ohio River between Cincinnati, Ohio, and Louisville, Kentucky. An action for damages was brought under a statute of Indiana giving a right of action in favor of the personal representative of one whose death was caused by the wrongful act or omission of another, whenever the latter, if he had lived, could have sued for an injury for the same act or omission. It appears that one of the grounds of defense was that at the time of the alleged injuries the colliding boats were engaged in carrying on interstate commerce under the laws of the United States, and that the defendants, as their owners, were not liable for injuries occurring in navigation through the carelessness of their officers, except as prescribed by Congress; and that the acts of Congress did not cover the liability asserted by the

plaintiff under the statute of Indiana. The position also asserted by the defendants was that, as by both the common and maritime law the right of action for personal torts died with the person injured, the statute of Indiana enlarged the liability of parties for such torts, and that such enlarged liability, if applied to cases of marine torts, would constitute a new burden upon interstate commerce. It was held that the Indiana statute did not constitute a new burden upon interstate commerce, and judgment for plaintiff was affirmed. Mr. Justice FIELD, in the course of his opinion (23 L. Ed. at page 820) said: "In conferring upon Congress the regulation of commerce, it was never intended to cut the States off from legislating on all subjects relating to the health, life and safety of their citizens, though the legislation might indirectly affect the commerce of the country. Legislation, in a great variety of ways, may affect commerce and persons engaged in it without constituting a regulation of it, within the meaning of the Constitution."

The Workmen's Compensation Act of 1915 is not directed against interstate commerce or any of its regulations, but relates only to the relative rights and duties of employers and employees generally. It defines the liability of an employer to pay damages for injuries received by an employee in the course of employment, and provides procedure for the determination of liability and a method of compensation. The acts of Congress and the decisions of the Supreme Court of the United States must be our guide in the determination of the question presented on this appeal. See *Lindway v. Pennsylvania Company,* 268 Pa. 491, 112 A. 40. We find no act of Congress "expressing a will by Congress" to cover the whole field of compensation or relief for injury received by or for death of employees while engaged in interstate commerce.

In *New York Central Railroad Co. v. White,* 243 U. S.

188, 61 L. Ed. 667, at page 677, the Supreme Court said: "Laws regulating the responsibility of employers for the injury or death of employees, arising out of the employment, bear so close a relation to the protection of the lives and safety of those concerned that they properly may be regarded as coming within the category of police regulation."

Again in *Savage v. Jones,* 225 U. S. 501, 533, 32 Sup. Ct. Rep. 715, 56 L. Ed. 1182, at page 1194, the Supreme Court said: "But the intent to supersede the exercise by the state of its police power as to matters not covered by the Federal legislation is not to be inferred from the mere fact that Congress has seen fit to circumscribe its regulation and to occupy a limited field. In other words, such intent is not to be implied unless the act of Congress, fairly interpreted, is in actual conflict with the law of the state."

In *New York Central Railroad Co. v. Winfield,* 244 U. S. 147, 61 L. Ed. 1045, it was held that the Federal Employers' Liability Act of April 22, 1908 (35 Stat. at L. 65, ch. 149, 45 U. S. C. A. §51 et seq.), covered the whole field of compensation or relief for injuries suffered by railroad employees engaged in interstate commerce, and that it thereby withdrew the subject wholly from the domain of state action. The act provided, in substance, that railroads engaged in interstate commerce shall be liable in damages for their negligence resulting in injury or death of employees while so engaged. It was the contention of the claimant, defendant in error, that the act, although regulating the liability or obligation of the carrier and the right of the employee where the injuries result in whole or in part from negligence attributable to the carrier, did not cover injuries occurring without such negligence, and that therefore that class of injuries remained to be dealt with by state laws. It was the contention of the plaintiff in error that the act covered both classes

of injuries and was exclusive as to both. Mr. Justice
VAN DEVANTER, speaking for the Supreme Court, said
in his opinion: "As before indicated, it is a mistake to
suppose that injuries occurring without negligence are
not reached or affected by the act, for, as is said in
*Prigg v. Pennsylvania,* 16 Pet. 539, 617, 10 L. ed. 1060,
1089, 'if Congress have a constitutional power to regu-
late a particular subject, and they do actually regulate
it in a given manner, and in a certain form, it cannot
be that the state legislatures have a right to interfere;
and, as it were, by way of complement to the legislation
of Congress, to prescribe additional regulations, and
what they may deem auxiliary provisions for the same
purpose. In such a case, the legislation of Congress, in
what it does prescribe, manifestly indicates that it does
not intend that there shall be any farther legislation to
act upon the subject-matter. Its silence as to what it
does not do is as expressive of what its intention is as
the direct provisions made by it.' "

Defendant presents the argument that Congress has
acted in the regulation of interstate commerce when
conducted by motor vehicles on the highways as in the
instant case, and that therefore the Workmen's Com-
pensation Act of 1915 is not applicable. Defendant re-
fers to the Interstate Commerce Act, 49 U. S. C. A. §1,
and contends that this act indicates an intention on the
part of Congress to occupy the same field which claim-
ant contends the Workmen's Compensation Act of 1915
must occupy if claimant is to recover in her action.
The section reads as follows: "Regulation in general.
. . . . . .

"1.   Carriers subject to regulation. The provisions
of this chapter shall apply to common carriers engaged
in —

"(a) The transportation of passengers or property
wholly by railroad, or partly by railroad and partly by
water when both are used under a common control,

management, or arrangement for a continuous carriage or shipment; or

"(b) The transportation of oil or other commodity, except water and except natural or artificial gas, by pipe line, or partly by pipe line and partly by railroad or by water; or

"(c) The transmission of intelligence by wire or wireless. ......

"2. Transportation subject to regulation. The provisions of this chapter shall also apply to such transportation of passengers and property and transmission of intelligence, but only in so far as such transportation or transmission takes place within the United States. ......" We cannot concur with defendant's view, as we find no basis for such conclusion. That defendant's contention has no foundation is self-evident. See *Interstate Transit Co. v. Derr*, 71 Mont. 222, 228 P. 624.

The Motor Carrier Act, 1935 (Feb. 4, 1887, ch. 104, pt. 2, §201 et seq., as added, Aug. 9, 1935, ch. 498, 49 Stat. 543, 49 U. S. C. A. §301 et seq.), referred to by defendant, was enacted subsequently to the accident in the instant case and has no application. See *Hogan v. United Fruit Co. et al.*, 266 Pa. 266, 109 A. 668.

In *Valley Steamship Co. v. Wattawa*, 244 U. S. 202, 61 L. Ed. 1084, the Supreme Court, in a memorandum opinion by Mr. Justice MCREYNOLDS, held: "We are asked to reverse the action of the court of appeals upon two grounds: First, because the company was engaged in interstate commerce and therefore could not be subjected to the Compensation Act without burdening such commerce, contrary to the commerce clause of the Federal Constitution. ......

"The first point relied upon is entirely without merit, and inadequate to support our jurisdiction. In the absence of congressional legislation the settled general rule is that without violating the commerce clause, the states may legislate concerning relative rights and

duties of employers and employees while within their borders, although engaged in interstate commerce."

Prior to the occurrence of the accidental death of deceased, Congress had not acted concerning the relative rights and duties of employers and employees engaged in interstate commerce by motor truck. Congress not having occupied this field of regulation, the defendant, a private carrier by truck, and his employee, the deceased, were subject to the Workmen's Compensation Act of 1915. Until Congress took such action the Workmen's Compensation Act of 1915, which is authorized by the police power of the state, was controlling.

The defendant relies mainly on the case of *Southern Pacific Company v. Jensen,* 244 U. S. 205, 61 L. Ed. 1086. This case is not in point. This was a stevedore case which decided that one injured while following such a maritime occupation upon a ship in navigable waters was not entitled to the benefits of the New York Workmen's Compensation Act, and that his remedy was exclusively in admiralty. The reason for this conclusion is set forth in the opinion of Mr. Justice McREYNOLDS as follows: "Article 3, §2, of the Constitution, extends the judicial power of the United States 'to all cases of admiralty and maritime jurisdiction'; and article 1, §8, confers upon the Congress power 'to make all laws which shall be necessary and proper for carrying into execution the foregoing powers and all other powers vested by this Constitution in the government of the United States or in any department or officer thereof.' ...... By §9, Judiciary Act of 1789 (1 Stat. at L. 76, 77, ch. 20), the district courts of the United States were given 'exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction, ...... saving to suitors, in all cases, the right of a common-law remedy, where the common law is competent to give it.' And this grant has been continued. ...... The

332

remedy which the Compensation Statute attempts to give is of a character wholly unknown to the common law, incapable of enforcement by the ordinary processes of any court, and is not saved to suitors from the grant of exclusive jurisdiction."

Judgment is affirmed.