# Wooley *v.* E. M. Wichert Co. et al., Appellants.

*Workmen's compensation—Death—Change of status—Evidence —Act of June 2, 1915, P. L. 736—Jurisdiction—Maritime employment.*

1. Where an award has been allowed for the death of a workman, and payments made thereunder for many months, the award cannot be changed or terminated unless evidence is adduced to show a change in the status of the parties, as required by section 413 of the Workmen's Compensation Act of June 2, 1915, P. L. 736.

2. In such case, defendant, on a petition to terminate the awards, cannot claim, long after the time allowed for an appeal, that the case was within maritime jurisdiction, and not covered by the Workmen's Compensation Act.

3. The fact that the amendment to section 256 of the Judicial Code of the United States, which saved the claimants and defendants remedies under the Workmen's Compensation Act of the several states, was declared unconstitutional after an award had been made, does not work a change in the status of the parties, so as to justify a termination of the award.

4. Where a man is drowned in the course of his employment on a derrick boat moored in the waters of a navigable stream, his employment will not be held maritime, where neither his work nor the purpose of the boat had relation, either direct or indirect, to navigation or commerce.

Argued September 25, 1922. Appeals, Nos. 27 and 28, Oct. T., 1922, by defendants, from judgments of C. P. Armstrong Co., June T., 1921, No. 87, and Sept. T., 1921, No. 84, affirming decision of Workmen's Compensation Board, in case of Susan Wooley v. E. M. Wichert Company, defendant, and Globe Indemnity Co., Insurance Carrier. Before FRAZER, WALLING, SIMPSON, KEP- HART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board, refusing to terminate award. Before KING, P. J.

The opinion of the Supreme Court states the facts.

Decisions affirmed. Defendants appealed.

*Errors assigned,* inter alia, were orders, quoting record.

*C. E. Harrington,* for appellants, cited: Knicker- bocker Ice Co. v. Stewart, 253 U. S. 149; Atlantic Trans- port Co. v. Imbrovek, 234 U. S. 52; Leathers v. Blessing, 105 U. S. 630; Simpson v. Ceres, 7 W. N. C. 576.

*H. P. Boarts,* for appellee, cited: Baizley v. The Brig. Odorilla, 121 Pa. 231; Brown v. Henderson, 92 Pa. 40; Lawton v. Coal & Coke Co., 272 Pa. 74.

PER CURIAM, October 20, 1922:

Plaintiff's husband, an employee of defendant com- pany as a fireman on a derrick boat, was drowned in the

Monongahela River, while in the course of his employ-
ment. At the time of the accident defendant was
engaged in the erection of a wall on land of the Pitts-
burgh Steel Products Company, near the town of Allen-
port, Washington County. The boat on which deceased
was employed was anchored within the harbor line, out-
side of the river channel, and used for excavating pur-
poses, handling material and other work incidental to
the construction of the wall. The work was an exclu-
sively private enterprise and not in any manner con-
nected with navigation. About one o'clock in the morn-
ing of November 22, 1917, deceased disappeared from
his customary place on the boat and later his body was
found in the river. A claim petition, filed by plaintiff
under the Workmen's Compensation Act, secured an
award in her favor on April 11, 1918, from which no ap-
peal was taken. On August 8, 1920, 133 weeks after the
award, defendant petitioned the compensation board to
terminate its order for compensation, alleging the case
to be within admiralty jurisdiction and the referee, con-
sequently, without authority to make an award; and,
in support of its contention, cited Knickerbocker Ice
Co. v. Stewart, 253 U. S. 149. Both the referee to whom
the petition was referred and the compensation board,
upon appeal, having refused to terminate the award,
an appeal was taken to the Common Pleas of Armstrong
County, which sustained their action. This appeal fol-
lowed.

Two reasons are assigned in support of the applica-
tion: (1) the legal status of dependents had changed
and (2) the Workmen's Compensation Board was with-
out jurisdiction to hear the case. Neither of these rea-
sons can be sustained: as to the first, no evidence was
adduced to show a change of status of the parties, as
required by section 413 of the Compensation Act and
unless such evidence is produced the compensation pre-
viously awarded cannot be either changed or terminated.
Defendant contends the amendment to section 256 of

170 WOOLEY v. E. W. WICHERT CO. et al., Appellants.

Opinion of the Court.                    [275 Pa.Opinion of the Court.

the Judicial Code of the United States, which saved to claimants rights and remedies under the Workmen's Compensation Acts of the several states, having been declared unconstitutional by the United States Supreme Court, since the award was made in this case, that action worked a change in the status of the parties. We cannot accept that view of the law. It was the duty of defendants to raise the jurisdictional question at the time the case was heard and not at this late day, which is after the time allowed by the statute for appeal. To sustain the petition would, in effect, be to grant a new trial after the time fixed by the statute, which we are not authorized to do.

Aside from this conclusion which alone is a sufficient answer to the petition, the case does not come within admiralty jurisdiction. The employment of deceased was nonmaritime, and, although the derrick boat was moored in the waters of a navigable stream adjoining the shore, neither the work of deceased nor the purpose of the boat had relation, either direct or indirect, to navigation or commerce. The case of Knickerbocker Ice Co. v. Stewart, referred to above, is not in conflict with the conclusion here reached. There, deceased was engaged in maritime employment as a bargeman; here, as stated above, the nature and character of the work in which deceased was employed was entirely nonmaritime, therefore the State had jurisdiction and the parties were subject to the Workmen's Compensation Law: Erie R. R. v. Welsh, 242 U. S. 303.

The judgment is affirmed.