## Askew v. S. C. Loveland Company, Inc., et al.

*Workmen's compensation—Injury to stevedore—Compensation agreement—Statement therein that accident happened on pier—Conclusiveness of statement on petition by employer to terminate agreement.*

1. The principle that where the jurisdiction of a court or board as to the subject-matter depends upon a finding of fact, the finding by the court or board of the fact in favor of its jurisdiction is conclusive, unless appealed from, and cannot be attacked collaterally or questioned in subsequent proceedings in the case, applies to a statement made in a voluntary agreement of compensation that the employee, a stevedore, was injured while working on the pier, if the agreement has been approved by the Workmen's Compensation Board and duly filed.

2. A petition to terminate such agreement upon the ground that the injured employee has recovered is in the nature of an appeal to the board to review the agreement and is founded upon the original compensation agreement, and, hence, in proceedings based on such subsequent petition, the statement in the agreement that the employee was injured while working on the pier is conclusive. More especially will the principle be rigorously applied, so as to sustain the jurisdiction, where the claim would be barred by the statute of limitations, if claimant were compelled to sue for a maritime tort.

Appeal from order of the Workmen's Compensation Board. C. P. No. 1, Phila. Co., June T., 1927, No. 5885.

*I. H. Schweidel,* for appellant; *Swartz & Campbell,* contra.

TAULANE, J., Aug. 31, 1927.—This is an appeal from an order of the Workmen's Compensation Board.

James Askew, while in the employ of S. C. Loveland Co., Inc., as a stevedore, was injured on Oct. 22, 1923.

On Nov. 7, 1923, Askew and his employer entered into a compensation agreement, which was filed with and approved by the Workmen's Compensation Board, wherein the employer agreed to pay Askew compensation at the rate of $12 a week, beginning Nov. 1, 1923, for an indefinite period. Askew's injuries were caused by a bag of sugar falling on his left foot, fracturing the second row of tarsal bones.

No question of jurisdiction was raised or suggested at that time. The compensation agreement does not show lack of jurisdiction in the board; it recites, among other things:

"1. Business of employer: General stevedoring.

"2. Occupation of employee: Stevedore.

"3. Place of accident: Pier 46 No.

"4. Date when disability began: Oct. 22, 1923.

"5. Describe accident and resulting injury: Bag of sugar fell off pile in the hold, landing on injured man's left foot, causing fracture of all second row of tarsals."

The mere fact that Askew's occupation is described as that of a stevedore does not imply that his occupation was necessarily maritime. The work of a stevedore may be performed on the wharf as well as on the ship. It is now well settled that the Workmen's Compensation Board has no jurisdiction where a stevedore is injured while at work on a shoip in a navigable river (Atlantic Transport Co. v. Imbrovek, 234 U. S. 52; Southern Pacific Co. v. Jensen, 244 U. S. 205; and Chelentis v. Luckenbach, 247 U. S. 372).

Here, the compensation agreement states the accident happened on the pier; such an averment is sufficient to show jurisdiction in the board.

Compensation was paid under the agreement until some time in 1925. On May 19, 1925, the employer petitioned the board to terminate the agreement because Askew was able to resume his work.

No answer was filed to the petition, but when the matter was referred to the referee, the parties, without taking any testimony, entered into a supplemental compensation agreement which is not in the record, and we do not know its terms or provisions.

On Feb. 3, 1927, Askew presented a petition for review under section 413 of the Workmen's Compensation Act of June 26, 1919, P. L. 642, 661, alleging that his injuries had become permanent, to which an answer was filed, denying that his condition prevented him from resuming work, and averring that he had returned to work on Jan. 2, 1925. The referee to whom the petition and answer were referred, instead of investigating the matter, on his own motion made the following order: "At the time of the hearing, the claimant admitted that the accident of Oct. 22, 1923, was sustained while working in Hold No. of the Steamship St. Andrew that was docked at Pier 46 N. Delaware River and, therefore, the claimant was engaged at the time of the accident in maritime employment, and consequently your referee is without jurisdiction to pass on the petition to review compensation agreement No. 1527220. The petition is, therefore, dismissed."

On appeal, the Workmen's Compensation Board affirmed the order of the referee.

The question for decision is whether the referee could reinvestigate, more than four years after the accident, the question of jurisdiction. If he has such authority, the conclusion of the board is sound.

It is true, as the board says, jurisdiction as to the subject-matter cannot be conferred by consent. Where, however, the jurisdiction of a court or board as to the subject-matter depends upon a finding of fact, it is well settled that the

Askew v. S. C. Loveland Company, Inc., et al.

court's finding of the fact in favor of its jurisdiction is conclusive unless appealed from; it cannot be attacked collaterally or questioned in the subsequent proceedings in the case. In Taylor v. Robert Ramsay Co., 139 Md. 113, this rule was applied in sustaining the jurisdiction of a Workmen's Compensation Board where it was attempted to show, after the time for appeal had expired, that the employee's occupation was maritime.

The compensation agreement in this case, though voluntary, was filed with and approved by the board, and it should have the force and effect of an award made by the board. If Askew's compensation had been fixed by the board after hearing and the facts as to jurisdiction were the same as those stated in the compensation agreement, no one would seriously contend that the question of jurisdiction was not foreclosed unless an appeal was taken within ten days.

There is no reason why the same conclusion should not follow where a voluntary agreement for compensation is filed with and approved by the board.

It may be urged that Askew's petition is an appeal to the board to exercise its jurisdiction; that is, in the nature of a new proceeding calling for affirmative relief. There is no merit in this. Askew's petition is one of review only, and this right the act gives him. It is founded upon the original agreement for compensation.

It may be we are interpreting rather strictly the recital of jurisdictional facts in the agreement, but we are fully justified in doing this where the employer is questioning jurisdiction for the first time more than four years after the accident.

Probably there is little merit in Askew's petition, but he is entitled, nevertheless, to a hearing. There is little authority on the point involved. In Wooley v. Wickert Co., 275 Pa. 167, the Supreme Court, in passing on an attempt to terminate a compensation award long after the award on the ground of jurisdiction similar to the one involved in this case, said: "The defendant contends the amendment to section 256 of the Judicial Code of the United States, which saved to claimants rights and remedies under the Workmen's Compensation Acts of the several states, having been declared unconstitutional by the United States Supreme Court since the award was made in this case, that action worked a change in the status of the parties. We cannot accept that view of the law. It was the duty of defendants to raise the jurisdictional question at the time the case was heard and not at this late day, which is after the time allowed by the statute for appeal. To sustain the petition would, in effect, be to grant a new trial after the time fixed by the statute, which we are not authorized to do."

In view of the fact that the Supreme Court held the employee's employment was not maritime, it may be the statement as to jurisdiction was mere obiter dictum; nevertheless, the court's view of jurisdiction is particularly applicable in this case where the question was not raised in the first instance and the facts agreed upon in the compensation agreement do not show want of jurisdiction.

When the jurisdictional question was raised, Askew was then barred by the statute of limitations of all redress except under the Compensation Act.

The case of Matter of Doey v. Howland Co., 224 N. Y. 30, apparently supports the board's conclusion. In that case, the employer was permitted to terminate an award for compensation under the Workmen's Compensation Law more than a year after the award on the ground that the employment was maritime and not within the jurisdiction of the Workmen's Compensation Board.

The report of the case does not show whether the award on its face disclosed want of jurisdiction.

Our Workmen's Compensation Board, in Voorhees v. Central R. R. of New Jersey, 2 Pa. Workmen's Comp. Cases, 395, adopted our view of jurisdiction and refused to permit the employer, some time after the award, to show that the employee was injured in interstate employment, which would have ousted the jurisdiction of the board. Commissioner Scott said: "Since the hearing and disposition of the case by Referee Houck, the Supreme Court of the United States has handed down certain opinions announcing that where the employment is interstate, the jurisdiction of the courts of the United States is paramount. These opinions, however, are only declaratory of the law as it existed at the time the compensation agreement was entered into in this case. If the defendant by mistake waived this defence and voluntarily made an agreement to pay compensation, and later, at the time of the hearing before the referee, failed to urge this defence, this was not a mistake in fact, but a mistake in law. Therefore, this board will not set aside the agreement nor reverse the award made by the referee."

The judgment of the Workmen's Compensation Board is reversed, and the record is remitted to the board for further proceedings in accordance with this opinion.