## United Fruit Company *v.* Department of Labor and Industry, Appellant.

Argued January 26, 1942. Before SCHAFFER, C. J.;
MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Orville Brown* and *M. Louise Rutherford,* Deputy Attorneys General, with them *Claude T. Reno,* Attorney General, for appellant.

*S. B. Fortenbaugh, Jr.,* with him *Shields, Clark, Brown & McCown,* for appellee.

OPINION BY MR. JUSTICE STERN, March 23, 1942:

Section 305 of the Workmen's Compensation Act of 1915, P. L. 736, as re-enacted and amended by the Act of June 21, 1939, P. L. 520, provides that an employer desiring to be exempt from insuring his liability for compensation shall make application to the Department of Labor and Industry, showing his financial ability to pay compensation, whereupon the Department, if satisfied of the applicant's financial ability, shall issue a permit authorizing such exemption; from a refusal of the Department an appeal shall lie to the Court of Common Pleas of Dauphin County, in which appeal the only question shall be whether the Department abused its discretion.

United Fruit Company, for each of the twenty years preceding 1941, made application and was granted the privilege of being a self-insurer, but its similar application for the year 1941 was refused. Since the Department admits that the Company's financial ability to pay compensation is beyond question, and as such ability is the only qualification specified in the act, the Department's refusal to grant the permit would seem, on the face of it, to constitute an abuse of discretion, and the Dauphin County Court, on an appeal by the Company, so held. The Department now appeals to this court.

In the correspondence which passed between them it appears that the Department is attempting to force the Company to register in the office of the Secretary of the Commonwealth as a prerequisite to obtaining exemption from the duty to insure. The Department concedes, however, as of course it must, that the Company is not

obliged to register in Pennsylvania. It is a corporation engaged exclusively in foreign commerce, with its principal office in Boston, and it requires no authority from this state to carry on its business. Not only is this an elementary principle of constitutional law[1] but it is recognized by our Business Corporation Law of 1933, P. L. 364, section 1001, which provides that a foreign business corporation need not procure a certificate of authority to do business in this Commonwealth if its entire business operations in the state are within the protection of the commerce clause of the federal constitution. While the United Fruit Company employs some three hundred persons in Pennsylvania, — stevedores, wharf laborers and a clerical office force,—some of whom work only on the land, others on both land and water, they are all engaged in activities connected with foreign commerce; the Supreme Court of the United States has held that longshoremen who load and discharge cargoes bear the same relation as the crew of the vessel to the commerce that they serve: *Puget Sound Stevedoring Co. v. State Tax Commission,* 302 U. S. 90, 92.

The Commonwealth seeks to impale the Company upon the horns of a dialectic dilemma—either that our Workmen's Compensation Act is not applicable to its employes and therefore there is no need for the Company to apply for the privilege of self-insurance; or, if they do come within the act, the Company is not entitled to any privileges or benefits thereunder unless it first registers to do business within the state. Neither of these propositions can be sustained.

The fact that an employe working within the State of Pennsylvania is engaged in interstate or foreign com-

---

[1] *Crutcher v. Kentucky,* 141 U. S. 47; *Western Union Telegraph Co. v. Kansas,* 216 U. S. 1; *International Textbook Co. v. Pigg,* 217 U. S. 91, 108; *Buck Stove & Range Co. v. Vickers,* 226 U. S. 205; *Adams Express Co. v. New York,* 232 U. S. 14, 31; *City of Sault Ste. Marie v. International Transit Co.,* 234 U. S. 333; *Sioux Remedy Co. v. Cope,* 235 U. S. 197, 201; *Dahnke-Walker Co. v. Bondurant,* 257 U. S. 282, 291; *Furst v. Brewster,* 282 U. S. 493.

merce does not necessarily take him outside the range of the Workmen's Compensation Act, which applies (section 101) "to all accidents occurring within this Commonwealth." It is well settled that, in the absence of federal legislation on the subject,[2] a state may, without violating the commerce clause of the federal constitution, legislate concerning relative rights and duties of employers and employes while within its borders, although engaged in interstate commerce: *Valley Steamship Co. v. Wattawa,* 244 U. S. 202; *Hartzfeld v. Bloom,* 127 Pa. Superior Ct. 323, 193 A. 386. The same principle applies equally, of course, to foreign commerce.

Under Article III, section 2, of the federal constitution, the judicial power of the United States extends to all cases of admiralty and maritime jurisdiction, and this impliedly vests in Congress the power to modify and supplement the general maritime law: *Southern Pacific Company v. Jensen,* 244 U. S. 205, 215; *Detroit Trust Co. v. The Thomas Barlum,* 293 U. S. 21, 43. But many land operations of the employes of the United Fruit Company are conceivable which would not come within the scope of admiralty jurisdiction or the legislation of Congress concerning maritime law. While, in matters of contract, admiralty jurisdiction depends upon the nature of the transaction, in tort matters and in cases of accident without fault it depends upon the place where the tort is committed or the accident happens. Where the locale of the occurrence is the high seas or other navigable waters, admiralty jurisdiction and maritime law govern, but not if the tort or accident happens on land or

---

[2] In *New York Central R. R. Co. v. Winfield,* 244 U. S. 147, it was held that the Federal Employers' Liability Act fully covered the subject of the liability of railroad carriers to their employes while engaged in interstate commerce, and therefore the New York Workmen's Compensation Act was inapplicable to an injury sustained by a railroad employe while engaged in interstate commerce, even though the federal act provided no remedy for injuries occurring without fault.

on a wharf or pier which is merely an extension of the land; in such instances the Workmen's Compensation Act of the state applies: *Grant Smith-Porter Ship Co. v. Rohde*, 257 U. S. 469, 476; *State Industrial Commission of New York v. Nordenholt Corporation*, 259 U. S. 263, 273; *Smith & Son v. Taylor*, 276 U. S. 179; *The Admiral Peoples*, 295 U. S. 649, 651; *South Chicago Coal & Dock Co. v. Bassett*, 309 U. S. 251, 256; *Lawton v. Diamond Coal & Coke Co.*, 272 Pa. 74, 115 A. 886. Moreover, even if maritime law would otherwise govern, there are cases where this might not eliminate the applicability of the state act, because, if the employment, although maritime in character, pertains to local matters having only an incidental relation to navigation and commerce, the rights, obligations and liabilities of the parties, as between themselves, may be regulated by state acts which do not work material prejudice to the characteristic features of the general maritime law or interfere with its uniformity in its international or interstate relations and which are not inconsistent with federal legislation: *Western Fuel Co. v. Garcia*, 257 U. S. 233, 242; *Grant Smith-Porter Ship Co. v. Rohde*, 257 U. S. 469, 477; *Millers' Indemnity Underwriters v. Braud*, 270 U. S. 59, 64, 65; *Alaska Packers Association v. Industrial Accident Commission*, 276 U. S. 467; *Sultan Railway & Timber Co. v. Department of Labor & Industries of the State of Washington*, 277 U. S. 135; *P. J. Carlin Construction Co. v. Heaney*, 299 U. S. 41, 44; *Just v. Chambers*, 312 U. S. 383, 389; *Wooley v. E. M. Wichert Co.*, 275 Pa. 167, 170, 118 A. 765, 766; *Hiles v. Hecla Coal & Coke Co.*, 296 Pa. 34, 38, 39, 145 A. 603, 604; *Zubik v. Bethlehem Steel Co.*, 144 Pa. Superior Ct. 13, 18 A.2d 441. This constitutional principle is recognized in the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, c. 509, 44 Stat. 1424, 33 U. S. C. A. §§901 et seq., which provides for compensation to persons engaged in maritime employment (other than members of the crew of a vessel) but only if disability or

death results from an injury occurring upon the navigable waters of the United States and if recovery for such disability or death through workmen's compensation proceedings may not validly be provided by state law. Congress has thus manifested its intention to let the state compensation acts remain in possession of the portion of the field which had always been open to them under the decisions of the Supreme Court: *Crowell v. Benson*, 285 U. S. 22, 39.

Since it is plain from what has been said that the United Fruit Company, notwithstanding its being engaged wholly in foreign commerce, will in numerous instances be obliged, unless it accepts common-law liability, to pay workmen's compensation under the Pennsylvania act, it necessarily follows that it may avail itself of those privileges which the act grants generally to employers who are subject to its provisions. The Company cannot be penalized or made a legal pariah within the Commonwealth merely because it refuses to do something which it is not compelled to do under the Constitution of the United States or the statute law of the state. The Department of Labor and Industry has no right to impose an arbitrary condition upon the granting of a permit for self-insurance to which the Company is entitled as of right in the absence of any question as to its financial responsibility.

The Commonwealth suggests that the Company cannot be reached in this state with legal process unless it registers. There is no basis for this apprehension, inasmuch as unregistered foreign corporations, even though engaged exclusively in interstate or foreign commerce, are not immune from the process of the local courts if they carry on business here in such sense as to manifest their presence within the state: *International Harvester Company of America v. Kentucky*, 234 U. S. 579.

Order affirmed; costs to be paid by the Commonwealth.