## Commonwealth *v.* Brown, Appellant.

## Commonwealth *v.* Rubin, Appellant.

Argued March 9, 1942.

Before Keller, P. J., Baldrige, Stadtfeld, Rhodes, Hirt and Kenworthey, JJ.

*David Levinson,* with him *Jules Pepper, Jr.,* for appellants.

*C. Wilson Austin,* Assistant District Attorney, with him *James F. Marx,* District Attorney, for appellee.

Opinion by Keller, P. J., July 23, 1942:

The appellants, Brown and Rubin, were separately tried and found guilty on indictments charging each of

them with wilful and corrupt perjury, in unlawfully, wilfully and corruptly making a false oath before an Alderman of the City of Reading to a *nomination paper* of the Communist Party.

Rubin was also tried, at the same time with his trial for perjury, and found guilty on an indictment (No. 204 December Sessions, 1940) charging that he had made a false statement in an affidavit required by the Election Code of June 3, 1937, P. L. 1333, which was appended to and accompanied a *nomination paper* of the Communist Party (being the same *nomination paper* and the same affidavit involved in the indictment for perjury to No. 205 December Sessions, 1940).

The affidavit, which, it was averred in these indictments, formed the basis for the above prosecutions, was that required by section 951(d) of the Election Code, supra, to-wit: "Each sheet [of the nomination paper] shall have appended thereto the affidavit of some person, not necessarily a signer, and not necessarily the same person on each sheet, setting forth [*inter alia*] ...... (3) that the signers signed with full knowledge of the contents of the nomination paper ...... (6) that each signed on the date set opposite his name; ......".

It was averred in the indictments that the defendants were respectively guilty of (1) perjury and (2) making a false statement in an affidavit, in making oath (a) as to certain of the signers to said papers, "that the signers signed with full knowledge of the contents of the nomination paper"; and (b) as to certain other alleged signers, "that each signed on the date set opposite his name", when, in truth and fact, they had not signed it at all; but the Commonwealth, in order to avoid a continuance, on the trial restricted its case to the averment under (b).

Although the Brown and Rubin cases were not tried together—the Brown case was tried immediately after

the Rubin cases—they were *argued* in this court *on one brief,* and in the statement of questions involved, which (Rule 50) limits the matters to be considered by the appellate court, only *two questions* were raised, which will be stated in the language and order of the brief.

"1. Is an indictment sufficient which alleges violation of Section 1813 of the Pennsylvania Election Code of 1937, but which, instead of charging, as said section requires, that the defendant *'knowingly* made a false statement in an affidavit required by the provisions of this act to be appended to or to accompany a nomination petition or nomination paper', omits altogether the word 'knowingly'?"

This applies only to the indictment against Rubin, to No. 204 December Sessions, 1940, (Appeal No. 291), for making a false statement in an affidavit required by the provisions of the Act of Assembly of June 3, 1937, P. L. 1333.

We are of the opinion, after careful consideration, that the question must be answered in the negative and that the conviction on this indictment cannot be sustained.

As before pointed out the Election Code in section 951(d) required an affidavit to be appended to every sheet of a *nomination paper* setting forth certain facts, which, in so far as they are material in these cases have already been set forth.

Section 1813 of the said Election Code provides: "If any person shall knowingly make a false statement in any affidavit required by the provisions of this act to be appended to or to accompany a nomination petition or a nomination paper, or if any person shall fraudulently sign any name not his own to any nomination petition or nomination paper, or if any person shall fraudulently alter any nomination petition or nomination paper without the consent of the signers, he shall be guilty of a misdemeanor," etc.

134

It will be noted that it applies to three different matters concerning nomination petitions or nomination papers:[1]

(1) *Knowingly* making a false statement in any affidavit required by the provisions of the act to be appended to or to accompany a nomination petition or nomination paper.

(2) *Fraudulently* signing any name not his own to any such petition or paper.

(3) *Fraudulently* altering any such petition or paper, without the consent of the signers.

The words italicized, just above, are vitally important words in an indictment brought under this section; and an indictment which fails to allege the vital word appropriate to the specific charge is fatally defective, for it does not substantially charge the offense created by the statute.

A false statement in an affidavit required to be appended to a nomination petition or paper is not indictable under the Election Code unless it was *knowingly* made; and in order to secure a conviction it must be (1) charged in the indictment that it was *knowingly* made and (2) sufficient evidence must be produced at the trial from which a jury could reasonably infer that the alleged statement was false *and* was made *knowingly.* If either is wanting, the conviction cannot stand.

So, too, the signing of another's name to such a nomination paper, in order to be indictable, must be done *fraudulently,* and the indictment must charge the offense as having been done fraudulently. And the *al-*

---

[1] Nomination *petitions* are used for candidates of political *parties* entitled to nominate candidates at the primary election. Nomination *papers* are used for the naming of candidates of political bodies which are not entitled to nominate candidates at the primary election. See *Com. v. Antico et al.,* 146 Pa. Superior Ct. 293, 300, 301, 22 A. 2d 204, 209, 210.

*teration* of such a nomination paper without the consent of the signers, in order to sustain a conviction, must be a *fraudulent* alteration and it must be so charged in the indictment.

In this particular case, the word *knowingly* was just as essential a part of the charge in the indictment, as the words, "knowing the same to have been stolen or feloniously taken" are in an indictment for "receiving stolen goods".—Penal Code of 1860, P. L. 382, sec. 109; Penal Code of 1939, P. L. 872, sec. 817; *Com. v. Baker*, 115 Pa. Superior Ct. 183, 185-187, 175 A. 438; *Com. v. Sendrow*, 119 Pa. Superior Ct. 603, 607, 181 A. 450. An indictment for burglary must aver not only that the entry was made wilfully and maliciously, but also, "with intent to commit a felony": Penal Code of 1939, sec. 901. So, too, an indictment for perjury must charge that the false statement or testimony was made "wilfully and corruptly": Penal Code of 1939, sec. 322; *Com. v. Nailor*, 29 Pa. Superior Ct. 275, 279.

Many more instances could be cited, but it is sufficient to say that wherever the gist of the offense is that the act was done knowingly, or with knowledge of certain facts, or with a certain intent, the indictment, in order to be good and sufficient, must definitely and specifically charge that it was so done. See, inter alia, *Com. v. Junkin*, 170 Pa. 194, 32 A. 617, a prosecution for receiving deposits, with *knowledge* that the bank was insolvent.

The indictment in this appeal, No. 291, did not charge the defendant with having *knowingly* made the false statement averred in the affidavit required under the Election Code. It merely averred that he "did ...... make a false statement in an affidavit required by the provisions of the Act of Assembly of June 3, 1937, P. L. 1333, which was appended to and accompanied the said nominating petition [paper] of the Communist Party", citing the particulars wherein the statement was false; but not averring anywhere in the indictment that the

defendant had knowingly made the false statement. The omission of the word 'knowingly' is not a 'nice exception' or 'formal irregularity' or 'mere lack of precision and certainty', which may be overlooked, where the indictment charges the crime substantially in the statutory language. The defendant's *knowledge* of the false statement went to the heart of the offense, and had to be charged in the indictment as well as proved on the trial by evidence from which such knowledge could reasonably be inferred by the jury.

Nor is there any merit in the suggestion of the district attorney that defendant was not *sentenced* on this indictment. As the same false statement was the ground for his conviction on the indictment charging him with wilful and corrupt perjury, (No. 205 December Sessions, 1940—Appeal No. 292), on which he was sentenced to imprisonment in the Berks County Prison, he could not legally be sentenced on this indictment to anything more than to pay the costs. This he was ordered to do. In *Com. v. Antico,* 146 Pa. Superior Ct. 293, 305, 22 A. 2d 204, we approved the joinder in one indictment of counts for (1) wilful and corrupt perjury under the Penal Code of 1939 and (2) knowingly making a false statement in an affidavit required by the Election Code to be appended to or accompany a nomination paper (sec. 1813 of Election Code), adding "with the proviso, of course, that in case of conviction, only one sentence may be pronounced upon it". See, also, *Com. v. Trunk,* 311 Pa. 555, 564-5, 167 A. 333, which is peculiarly applicable here; and *Com. v. Ragone,* 317 Pa. 113, 126, 176 A. 454; *Com. v. Haines,* 130 Pa. Superior Ct. 196, 198, 196 A. 621.

The objection to the indictment and motion to quash it were timely made and should have been sustained.

We come then to the second question raised by the appellants, which applies to both of them—to Brown (No. 289) and to Rubin (Nos. 290 and 292), to-wit:

"2. May convictions for violation of Section 1813 of the Pennsylvania Election Code and also for perjury for the same violation be sustained; or does the Election Code operate to invalidate the prosecution for perjury?"

The first part of this question has already been decided against the appellants in the case of *Com. v. Antico*, supra, pp. 304-5, where we pointed out that by the Penal Code of 1939, P. L. 872, the definition of perjury (sec. 322) was extended so as to apply to the making of a false oath or affirmation in taking any oath or affirmation required by any act of assembly of the Commonwealth, and was made a felony. We there said:

"As Section 951 (d) of the Election Code requires an affidavit to be appended to each *sheet* of a nomination paper, as hereinbefore mentioned, setting forth, inter alia, that the signers signed the paper with full knowledge of its contents, the wilful and corrupt making of a false oath or affirmation to that affidavit is now perjury. The Criminal Code of 1939, however, did not specifically repeal section 1813 of the Election Code of 1937, and there is no reason why both provisions, relating as they do to the same act, may not be joined as separate counts in one indictment, just as felonious assault and battery may be joined with simple assault and battery, and larceny may be joined with receiving stolen goods; with the proviso, of course, that in case of conviction, only one sentence may be pronounced upon it. The foregoing statement of the law is supported by the decisions of the Supreme Court in *Com. v. Shutte*, 130 Pa. 272, 18 A. 635; *Com. ex rel. Russo v. Ashe*, 293 Pa. 322, 324, 142 A. 317; *Com. ex rel. Ciampoli v. Heston*, 292 Pa. 501, 141 A. 287; *Com. ex rel. Holinko v. Ashe*, 290 Pa. 534, 139 A. 197. And it makes no difference that one of the counts charges a felony and the other a misdemeanor, when the offenses are not repugnant in their nature and legal incidents, provided only one sentence is pronounced: *Henwood v. Com.*, 52 Pa. 424.

Even if there is a misjoinder, it is tolled by the pronouncement of only one sentence. *Ibid.* Such an indictment is not duplicitous."

As President Judge SCHAEFFER aptly said in his opinion in No. 184 December Sessions, 1940, (Appeal No. 290) : .

"The fact that a certain false affidavit to a nominating petition may render the affiant liable to two prosecutions is not novel in the law; there are many instances in which a person who performs one act may be liable to be charged with two or more offenses." Citing, inter alia, *Com. v. Bergen,* 134 Pa. Superior Ct. 62, 4 A. 2d 164; *Com. v. Haines,* 130 Pa. Superior Ct. 196, 196 A. 621.

If both violations can be charged as separate counts in one indictment, they can certainly be charged in two separate indictments; bearing in mind the proviso, that if convicted, the defendant can be sentenced on only one indictment.

In his argument on the second part of the question, counsel for appellants assumed that the indictments for perjury were based on a violation of section 1813 of the Election Code. They were not. The indictment in Appeal No. 291, considered above, was based on that section of the Election Code. But the indictments for perjury—Appeals Nos. 289, 290 and 292—were based on section 322 supra, of the Penal Code of 1939 which provides that "whoever wilfully and corruptly makes any false oral or written statements or testimony under oath or affirmation legally administered . . . . . . in taking any oath or affirmation required by any Act of Assembly of this Commonwealth, or in relation to any statement or duty enjoined by law, is guilty of perjury". And the "oath or affirmation required by any act of assembly . . . . . . or in relation to any statement or duty enjoined by law", which it was charged that these appellants had wilfully and corruptly made a false

oath to, was that required by section 951(d) of the Election Code, aforesaid, to be appended to each sheet of a nomination paper by an affiant who could make oath or affirmation to the matters above set forth—particularly, section 951(d)(3) and 951(d)(6).

We have already ruled in *Com. v. Antico et al.,* supra, with special reference to pages 303-305 and 316-321 of 146 Pa. Superior Ct., that an indictment for perjury will lie for wilfully and corruptly making a false oath or affirmation to the affidavit required by section 951(d) supra, to be appended to every sheet of nomination papers. This ruling was not *obiter dictum,* as contended by appellants. The appellants in the Antico cases had presented points which called for directed verdicts of acquittal on all the perjury indictments, and if the points were wrongly refused by the trial court, the judgments would have to be reversed.

But all the judgments on the perjury charges were sustained except one. Hence, as we stated at the oral argument of the present cases, we *have* sustained the right of the Commonwealth to indict a defendant for wilful and corrupt perjury in wilfully and corruptly making a false oath or affirmation to the affidavit required by section 951(d) of the Election Code to be appended to each sheet of a nomination paper.

We shall not here repeat what we said on the subject in the opinion in the Antico case.

Counsel for appellants chiefly relies on a point not raised or discussed by the appellants in the Antico cases. It was considered by us, although not specially referred to in the opinion.

His proposition is that inasmuch as the Election Code of 1937, P. L. 1333, is a codification, revision and consolidation of the laws relating to general, municipal, special and primary elections (*Watson v. Witkin,* 343 Pa. 1, 18, 22 A. 2d 17), its *penal* provisions (Article XVIII, with special reference to section 1802—Perjury

—and section 1813—False Signatures and Statements
in Nomination Petitions and Papers) cannot be affected
by the Penal Code of 1939, P. L. 872, a later general
statute enacted to codify, consolidate, amend and re-
vise the *penal* laws of the Commonwealth. The position
is without merit.

The main purpose of the Election Code of 1937 was
to enact a general code governing all elections, general,
municipal, special and primary; providing for the ma-
chinery and modus operandi of such elections, where
they are to be held, when they shall be held, the selec-
tion of election officers, the qualifications of electors,
the nomination of candidates, the preparation of bal-
lots, the use of voting machines, the preparation for
and conduct of primaries and elections, the returns of
primaries and elections, primary and election expenses,
recounts and contests, and all other matters relating to
the holding and conduct of such elections. As germane
and incidentally related thereto, (see *United Fruit Co.
v. Dept. of Labor & Industry,* 344 Pa. 172, 177, 25 A.
2d 171), the code contained an Article (XVIII) provid-
ing penalties for violation of its provisions. It was
proper, but not absolutely necessary, that this article
should be included. The Election Code would have
been just as complete and efficacious if Article XVIII
relating to Penalties had been omitted from it, and the
penal provisions of the act had been enacted by way of
supplement or amendment to the Penal Code, with
which they are even more directly involved and related.
The new Penal Code of 1939 contains many sections
dealing with penal provisions taken from, or related
to, other general statutes, and there is no compelling
or substantial reason why a general penal code pre-
pared for the purpose of consolidating, revising and
making uniform the penal laws of the Commonwealth
should not, in dealing with such an important subject
of the criminal law as perjury, supersede, supplant and
unify all prior laws relating to it, even though they

may be penal provisions incidental to other codes or general laws. After all, perjury is more directly and closely connected with and related to the *Criminal Law* than any other branch or division of the law, and a subsequent penal code designed and intended to correct the inequalities and inconsistencies of the criminal law should be held to supplant and supersede inconsistent penal provisions annexed to other statutes. The legislature, in adopting a new code consolidating, amending and revising the penal laws of the Commonwealth, in which it defines the crime of perjury and prescribes the penalty for its commission, must be held to have intended that it should supplant penal provisions incidental to other statutes, which are inconsistent with it as respects definition and punishment. The Penal Code of 1939 is the last statement of the will of the legislature, and we find in it no evidence of an intent to exclude from its definition of perjury the making of a false statement in an affidavit required by the Election Code, even though a penalty therefor is provided in section 1813 of that Code.

Appeal No. 291. The judgment against Ben Rubin is reversed, and the indictment is quashed.

Appeal No. 289. The judgment against Harry Brown is affirmed.

Appeals Nos. 290 & 292. The judgments against Ben Rubin are severally affirmed.

And it is further ordered that each of the appellants Harry Brown and Ben Rubin appear in the court below at such time as the said court may fix and be committed by that court until he has complied with his respective sentence or such part thereof as had not been performed when his appeal was made a supersedeas.