Joseph **VEREEN**

v.

The **CHICAGO, MILWAUKEE, ST. PAUL AND PACIFIC RAILROAD COMPANY.**

No. 30740.

United States District Court
E. D. Pennsylvania.

Oct. 3, 1962.

Charles Wright, Philadelphia, Pa., for plaintiff.

Harry J. Gerber, Joseph De Lacy, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

The plaintiff brought this action to recover damages for personal injuries which he alleges he sustained when a door of a railroad car, owned and operated by the defendant, fell from the car and struck the plaintiff as he was engaged in performing the duties of his employment at the railroad siding of his employer, in Havertown, Pa.

Presently before us is defendant's motion to dismiss the action and to quash service of the summons and complaint, on the ground that defendant was not present nor doing business within the jurisdiction of this Court.

The summons and complaint were served in Philadelphia, on "Earl Buell, Chief Clerk, The Chicago, Milwaukee, St. Paul and Pacific Railroad Company".

The facts set forth in defendant's supporting affidavit are not in dispute, and may be briefly summarized.

Defendant is an Illinois corporation, with its office and principal place of business in Chicago, Illinois, and is engaged as a common carrier in interstate traffic. It has no tracks, operates no trains or locomotives, and transports no passengers or freight within Pennsylvania; its closest terminus is Bedford, Indiana, approximately 500 to 600 miles from the nearest Pennsylvania boundary line.

Defendant maintains an office in Philadelphia for the sole purpose of solicitation of passenger and freight traffic, and the giving of such information to prospective passengers and shippers as will induce them to patronize defendant's railroad line. It occupies that office under a lease executed by defendant's officials in Chicago, and all rentals for the office are paid by defendant's checks issued in Chicago and drawn on banks in that City. The only employes in the office are Buell, Chief Clerk, 3 or 4 freight and passenger agents and a stenographer-clerk. The salaries of all these employes, as well as all office expenses, are paid by defendant's checks issued on Chicago banks. None of defendant's officers or directors works in the office or resides in Pennsylvania.

Defendant owns no property in Pennsylvania other than the office furniture and supplies in said office, and has no bank account within that State. Any railroad cars or equipment owned by defendant, east of Bedford, Indiana, are at any and all times exclusively within the operation, supervision and control of other connecting railroad lines.

No person in defendant's Philadelphia office, or elsewhere in Pennsylvania, has authority to adjust claims, bring suits, accept service of process, or in any other way to bind the defendant.

The approach to the problem presented is indicated by our Court of Appeals in Partin v. Michaels Art Bronze Co., 202 F.2d 541 at p. 542 (3d Cir. 1953):

"It is now too clear to require discussion and citation of authority that a foreign corporation which carries on activities within a State of the United States is subject to suit there under certain circumstances. There are two questions involved in the assertion of this jurisdiction over a foreign corporation. One is the question whether the State seeks to assert jurisdiction under a given set of facts. The second question is whether the assertion of jurisdiction by the States is permitted under the circumstances, by the Constitution of the United States."

Since, in our view, the first question must be answered in the negative, under the present facts, we do not reach the second question.

In Lutz v. Foster & Kester Co., Inc., 367 Pa. 125, 79 A.2d 222, (1951), cited and relied on in Partin, supra, it was held that whether a foreign corporation is subject to the jurisdiction of a Pennsylvania court "depends upon whether it is doing business within the Commonwealth which rests fundamentally upon a conclusion of ultimate fact." That same case goes on to define the term "doing business" (p. 129, 79 A.2d p. 224):

"One definitely recognized principle, presently important, is that the mere solicitation of business within the Commonwealth did not constitute 'doing business' within the meaning of the Act of 1851. Shambe v. Delaware & Hudson R.R. Co., 288 Pa. 240, 244, 135 A. 755; see also New v. Robinson-Houchin Optical Co. [357 Pa. 47, 53 A.2d 79], supra. There must be 'other activities' in addition to the solicitation of business to make a foreign corporation's conduct the doing of business within the Commonwealth, as this court recognized in New v. Robinson-Houchin Optical Co., supra, upon quoting from International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, to like

effect. Such 'other activities' do not consist of acts of courtesy performed by business solicitors, without compulsion, in order to satisfy or accommodate customers. Nor do they reside in the number of solicitors employed or the character and extent of the facilities provided them for carrying on their solicitations such as office space and office equipment of desks, typewriters, filing equipment and telephones, or in the identification of the company or its representative emblazoned on the office door or printed in the telephone directory. *The criterion is, rather, whether the local solicitors have authority to bind the foreign corporation by which they are employed.*" (Emphasis supplied.)

It is to be carefully noted that the considerably broader definition of "doing business" in § 1011C of the Pennsylvania Business Corporation Law of May 5, 1933, P.L. 364, 15 P.S. § 2852–1011, subd. C, has no application here, since Article X of that Act excludes from its provisions a foreign business corporation if "the entire business operations of the corporation within this Commonwealth are within the protection of the Commerce Clause of the Federal Constitution".

Since none of defendant's employes in its Philadelphia office had any authority to bind defendant, it follows that defendant was not "doing business" in Pennsylvania, and was not subject to the jurisdiction of its courts.

In Shambe v. Delaware & Hudson R.R. Co., 288 Pa. 240, 135 A. 755 (1927), where the facts were almost identical with those in the instant case, it was held that the defendant was not doing business in Pennsylvania, and hence was not subject to the jurisdiction of its courts.

Moore v. Atlantic Coast Line R. Co., 98 F.Supp. 375 (E.D.Pa.1951), upon which plaintiff rests his sole reliance, can no longer be regarded as controlling, in view of our Court of Appeals' decision in Partin v. Michaels Art Bronze Co., supra.

ORDER

NOW, September 28, 1962, it is ordered and decreed that defendant's motion to quash service of the summons and complaint be, and it is, granted, and said service is quashed.