Alton F. GREENAWALT

v.

READING COMPANY

v.

The CENTRAL OF GEORGIA RAIL-
WAY COMPANY.

Civ. A. No. 30528.

United States District Court
E. D. Pennsylvania.

Oct. 29, 1962.

Thomas A. Masterson (Morgan, Lewis & Bockius), Philadelphia, Pa., for third-party plaintiff, Reading Co.

John A. Shrader (Saul, Ewing, Remick & Saul), Philadelphia, Pa., for third-party defendant, The Central of Georgia.

WOOD, District Judge.

The original complaint was brought by Alton F. Greenawalt, an employee of the Reading Company, and alleges a cause of action against said company under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. for personal injuries sustained while in the course of his employment with Reading Company in its yards at Reading, Pennsylvania, on June 7, 1960. Shortly after the filing of this complaint, defendant, Reading Company, joined the Central of Georgia Railway Company (Central) as third-

party defendant and its third-party complaint was served on W. L. Kimsey, Jr., agent in charge of Central's sales office at Philadelphia, on June 12, 1962.

The matter presently before the Court is Central's motion to dismiss the third-party action against it or, in lieu thereof, to quash the return of service on the ground that it was not doing business within the jurisdiction of this Court.

The facts in support of this motion are not in dispute and may be summarized as follows:

Central is a Georgia Corporation and has never registered to do business in Pennsylvania. All of its officers are residents of Georgia. Its principal office is located in Savannah, Georgia. It has no tracks or facilities located in Pennsylvania or in the Eastern District of Pennsylvania, its only activities in said State and District being the maintenance of a sales solicitation office at 1509 Finance Building, Philadelphia, Pennsylvania, consisting of two employees, a commercial agent, W. L. Kimsey, Jr., and his secretary, Albertina Aemisegger. The duties of the commercial agent and the secretary who works under him consist exclusively of soliciting freight business from shippers and consignees in an area roughly bounded by Altoona, Pennsylvania, to the west, Williamsport, Pennsylvania, to the north, Phillipsburg and Long Branch, New Jersey, to the east, and the Delmar Peninsula at Virginia, to the south. Such business is entirely handled in this District and in this wider area of solicitation by other originating or delivering carriers, such shipments, however eventually involving movements over Central's lines. In addition to solicitation of freight business, W. L. Kimsey offers tracing and diversion services pertaining to shipments involving movements over Central's lines, answers inquiries and receives complaints. He is not authorized to take any action with regard to such complaints, but merely transmits the information to the home office in Savannah, Georgia, for attention. Neither W. L. Kimsey nor Albertina Aemisegger, nor any other employee of Central in the Eastern District of Pennsylvania, prepares or executes any contracts for shipments or bills of lading; nor do they handle any funds on behalf of Central. The only other activity conducted by any employees or persons on behalf of Central in Pennsylvania pertains to similar sales and service activities in a similar office maintained in Pittsburgh, Pennsylvania.

In the case of Vereen v. Chicago, Milwaukee, St. Paul and Pacific Railroad Company, D.C., 209 F.Supp. 919, our colleague Judge Kraft had the occasion to determine whether or not a foreign corporation not registered in Pennsylvania was doing business in Pennsylvania under facts substantially similar to those outlined above and held preliminarily that solicitation, regardless of the extensive nature thereof, is not enough; there must be other activities. He then held that the criterion is whether the local solicitors have authority to bind the foreign corporation by which they are employed. Having found that none of the foreign corporation's employees in its Philadelphia office had any authority to bind it, Judge Kraft held that the foreign corporation was not doing business in Pennsylvania and was not subject to the jurisdiction of its Courts.

Accordingly, he quashed the return of service.

With that decision we are in complete agreement. However, counsel for the original defendant has raised an issue with which we do not agree but for the purpose of clarification will briefly comment upon. He argued vigorously that Judge Kraft might have decided otherwise had the case of Rufo v. Bastian-Blessing Co., 405 Pa. 12, 173 A. 2d 123 (1961) been specifically mentioned or referred to in the Vereen case. His argument is that the effect of the decision in that case is to change the Pennsylvania law, generally, with respect to what constitutes doing business by abolishing the "solicitation plus" test and replacing it with the considerably broader definition of doing business in § 1011, subd. C of the Pennsylvania Busi-

ness Corporation Law of May 5, 1933, P. L. 364, 15 P.S. § 2852–1011, subd. C. This argument, we think, is completely without merit.

The Rufo case held that a non-registered foreign corporation is subject to the service provisions of 1011, subd. B of the aforesaid Act only (a) if it were doing business within the meaning of § 1011, subd. C and (b) if the action arose out of acts or omissions of the corporation occurring within Pennsylvania.[1] Sections 1011, subd. B and 1011, subd. C and the Rufo decision which interpreted the provisions thereof involve substituted service, that is, service on a non-registered foreign corporation through the Secretary of the Commonwealth and are therefore inapplicable to the instant case which involves personal service upon an agent of a non-registered foreign corporation. Baxter v. Coppock, D. C., 202 F.Supp. 907 (1962). It follows, therefore, that the change in law effected thereby is applicable only to instances involving substituted service and is inapplicable to instances involving, as here, personal service on an agent.

Accordingly, following Judge Kraft's decision in the Vereen case, we hold that Central was not doing business in this District and, therefore, was not subject to the jurisdiction of this Court. The motion to quash the return of service will be GRANTED.

After the filing of the third-party complaint against Central and the instant motion of Central to dismiss same or, in lieu thereof, to quash the return of service, plaintiff filed an amended complaint to allege a cause of action against Central and made service of said amended complaint by mailing a copy thereof to counsel for Central (who had already entered his appearance). We will treat the instant motion as applying to plaintiff's amended complaint; and, for reasons appearing in the foregoing opinion we will quash the service made thereof.

An appropriate order will be forthwith prepared and submitted by counsel for Central.

[1]. 15 P.S. § 2852–1011 in pertinent part provides:

"B. Any foreign business corporation which shall have done any business in this Commonwealth, without procuring a certificate of authority to do so from the Department of State, shall be conclusively presumed to have designated the Secretary of the Commonwealth as its true and lawful attorney authorized to accept, on its behalf, service of process in any action arising out of acts or omissions of such corporation within this Commonwealth. * * *

"C. * * * the entry of any corporation into this Commonwealth for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefits or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute 'doing business'."