Florence ANDREAS, Administratrix of the Estate of Albert William Andreas, Jr., Deceased

v.

IMPERIAL AIRLINES, INC.

No. 30623.

United States District Court E. D. Pennsylvania.

Nov. 26, 1962.

Richter, Levy, Lord, Toll & Cavanaugh and Kenneth Syken, Philadelphia, Pa., for plaintiff.

Clark, Ladner, Fortenbaugh & Young and James F. McMullan, Jr., Philadelphia, Pa., for defendant.

LUONGO, District Judge.

Albert William Andreas, Jr., a passenger in defendant's plane, was killed when the plane crashed in the vicinity of Richmond, Virginia, on November 8, 1961. The flight originated in Columbia, South Carolina and from there proceeded to Newark, New Jersey, Wilkes Barre, Pennsylvania and Baltimore, Maryland,

at each stop picking up passengers bound for Columbia, South Carolina.

This suit, in the nature of wrongful death and survival actions, has been instituted by the administratrix of decedent's estate. Jurisdiction is based on diversity of citizenship; plaintiff is a citizen and resident of Pennsylvania and defendant is a New York corporation which has not registered to do business in Pennsylvania. Service was made on an alleged office of the defendant in Philadelphia and by registered mail to the Secretary of the Commonwealth of Pennsylvania [1] and to the defendant at its principal place of business at Miami, Florida. Defendant moved to dismiss or quash the return of service on the ground that it was not doing business in Pennsylvania and was not amenable to service of process here. On July 12, 1962, argument was had on defendant's motion at which time, it appearing that procedural prerequisites to service of process on the Secretary of the Commonwealth under 15 P.S. § 2852–1011, subd. B had not been complied with, the Court suggested that decision be withheld on defendant's motion pending compliance with that section. The suggestion was made because plaintiff's counsel, in his brief and argument, contended that this suit arose out of acts or omissions of the defendant within the Commonwealth of Pennsylvania. Thereafter counsel for plaintiff filed an affidavit alleging that the action arose out of acts or omissions of the defendant within the Commonwealth of Pennsylvania and incorporated in that affidavit the report of the Civil Aeronautics Board upon which he based his affidavit. Plaintiff then followed the procedural steps outlined and caused service to be made on defendant pursuant to the provisions of 15 P.S. § 2852–1011, subd. B. When the Court was advised that such service had been made, it entered its Order dated July 27, 1962, denying defendant's motion to quash the return of service.

Presently before me are defendant's motions: (a) to reconsider the Order of July 27, 1962; (b) to strike the affidavit of plaintiff's counsel; and (c) to dismiss or quash service of summons. All three motions will be denied.

Defendant's motion to strike the affidavit of plaintiff's counsel is based on the contention that it is not "proper testimony" and is hearsay. Defendant concedes that had the complaint alleged that the crash resulted from an act or omission of defendant within Pennsylvania, that would have been sufficient basis for service under § 2852–1011, subd. B, but it argues that counsel's affidavit cannot correct that deficiency in the complaint. I fail to see the logic in that argument. Under Rule 11, Federal Rules of Civil Procedure, counsel's signature to a complaint " * * * constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; * * * ". An affidavit by counsel is an even more solemn undertaking and the statements in an affidavit should certainly be entitled to at least as much weight as those under the certificate of his signature in a complaint.[2]

---

1. 15 P.S. § 2852–1011

"B. Any foreign business corporation which shall have done any business in this Commonwealth, without procuring a certificate of authority to do so from the Department of State, shall be conclusively presumed to have designated the Secretary of the Commonwealth as its true and lawful attorney authorized to accept, on its behalf, service of process in any action arising out of acts or omissions of such corporation within this Commonwealth. * * * "

"C. For the purposes of this section, the entry of any corporation into this Commonwealth for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute 'doing business'."

2. In Troupe v. Chicago, D. & G. Bay Transit Co., 234 F.2d 253 (2nd Cir. 1956) the court, at page 258 n6 stated:

"The whole record may be looked to for the purpose of curing a defective averment of jurisdiction. Sun Printing

The *factual* allegation in the affidavit of plaintiff's counsel is that the defendant's aircraft landed at and took off from an airport in Pennsylvania during the course of the fatal flight. He alleges, based upon findings in the report of the Civil Aeronautics Board, that the plane had been having mechanical difficulties from the time of the inception of the flight at Columbia, South Carolina; that inspection and maintenance should have been performed during the stopover at Wilkes Barre, Pennsylvania, but were not; that repairs should have been made at Wilkes Barre, and that the flight should have been halted if the necessary repairs could not be made; that these omissions by defendant were part of the pattern of defendant's negligent conduct which caused the crash. The factual allegation (the landing and take off at Wilkes Barre, Pennsylvania) has not been controverted by defendant's affidavits which were directed only to the extent of defendant's business activities in Pennsylvania.

■ Defendant contends that, in determining whether service was proper under § 2852–1011, subd. B, the Court should conduct a hearing preliminarily to determine whether there were any acts or omissions by defendant at the landing and take off within Pennsylvania and whether defendant was guilty of any negligent acts or omissions in Pennsylvania giving rise to this cause of action. I cannot accept defendant's contention. It is sufficient if plaintiff has alleged in her complaint, or, as here, in an affidavit, that there were acts or omissions within the Commonwealth of Pennsylvania giving rise to the cause of action. In my view, the allegation of "acts or omissions * * * within this Commonwealth" for the purpose of service under § 2852–1011, subd. B should be approached much the same way as allegations of jurisdictional amount in diversity cases under 28 U.S.C.A. § 1332. Thus, the complaint should be dismissed only (to paraphrase the statement of the Supreme Court in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845) " * * * if, from the face of the pleadings, it is apparent, to a legal certainty, * * * " that the cause of action did not arise out of an act or omission within the Commonwealth " * * * and that [the] claim was therefore colorable for the purpose of conferring jurisdiction * * *."

■ Where a preliminary challenge is made to a jurisdictional fact in an action and on an issue where trial by jury is a matter of right, the issue should not be adjudicated summarily but should be submitted for jury determination. Shaffer v. Coty, Inc., 183 F.Supp. 662 (D.C.S.D.Calif.1960). Had the defendant here denied that its plane landed and took off within the Commonwealth of Pennsylvania, that would have presented a simple, clear-cut issue, unrelated to the merits, which the Court might very well hear and determine *in limine* [3]. Instead, the issue raised is whether defendant's acts or omissions during the stopover in Pennsylvania constituted negligence. A preliminary trial on that issue would be impractical and unwise since it would, in effect, require a trial on the merits and a summary determination of issues properly to be resolved by a jury [4].

---

& Publishing Ass'n v. Edwards, 1904, 194 U.S. 377, 24 S.Ct. 696, 48 L.Ed. 1027. * * * "

3. "Where there is no connection between the merits on the one hand and issues as to jurisdiction, * * * on the other, as usually is the case, most courts have not thought it advisable to submit the latter issues to a jury." 5 Moore's Federal Practice ¶ 38:36 at page 293.

The Court of Appeals for the Third Circuit has left the stage and manner in which certain jurisdictional questions are resolved to the discretion of the trial court. Thus, the question of diversity of citizenship, at the court's discretion, may be determined preliminarily by the court, Scideman v. Hamilton, 275 F.2d 224 (3rd Cir. 1960) or may be submitted to the jury, McNello v. John B. Kelly, Inc., 283 F.2d 96 (3rd Cir. 1960).

4. Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); Smithers v. Smith, 204 U.S. 632,

■ The defendant also argues that the provisions of 15 P.S. § 2852–1011, subds. B and C are not applicable to it. Its argument is: it is a foreign corporation whose entire activities within Pennsylvania are interstate in nature; under § 2852–1001 [5], it is not required to obtain a certificate of authority, therefore it is not subject to any of the provisions of Article X of the Business Corporation Law dealing with foreign business corporations (15 P.S. § 2852–1001 to § 2852–1016), including those relating to service of process on foreign corporations (§ 2852–1011). This argument gives much greater effect to the exclusionary language used in § 2852–1001 than it warrants. The exemption is only from the requirement to obtain a certificate of authority before doing business in Pennsylvania. It was granted to avoid constitutionally prohibited burdens on interstate commerce, it was not intended to relieve such corporations from service of process if their activities within the state are such as to manifest their presence here. United Fruit Co. v. Dept. of Labor & Industry, 344 Pa. 172, 25 A.2d 171 (1942). The standard of "presence" within the state established by § 2852–1011, subds. B and C is within the constitutional limits set forth in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Defendant's view of the scope of the exemption of § 2852–1001 would confine the applicability of § 2852–1011, subds. B and C to those foreign business corporations which, under Article X, are required to obtain a certificate of authority [6]. Where the legislature intended such a limitation it knew how to express it. It did so in § 2852–1006 wherein, dealing with the requirement to maintain a registered office in the Commonwealth, it provided "Every foreign business corporation, *required by the provisions of this article to obtain a certificate of authority to do business* in this Commonwealth, * * *." (Emphasis supplied.) It did not use such words of limitation in § 2852–1011, subd. B. It clearly intended the reach of § 2852–1011, subd. B to extend to *any* foreign business corporation which has done business within the Commonwealth (as that term is defined in § 2852–1011, subd. C) provided the cause of action arose out of acts or omissions of such corporation within the Commonwealth. Rufo v. The Bastian-Blessing Co., 405 Pa. 12, 173 A.2d 123 (1961). All that is required to satisfy the definition of doing business in § 2852–1011, subd. C is the doing of a series of similar acts for the purpose of realizing pecuniary benefit. From defendant's activities it is clear that it has done such acts and is subject to service under the provisions of § 2852–1011,

644–645, 27 S.Ct. 297, 51 L.Ed. 656 (1907); Marks Food Corporation v. Barbara Ann Baking Co., 274 F.2d 934 (9th Cir. 1960) reversing dismissal of the complaint for lack of jurisdiction, the court said, at page 936: "Thus the court took from the jury the determination of the basic issue in the case. We hold that the judgment must be reversed because of the court's assumption of the jury's prerogative."

5. "A foreign business corporation, before doing any business in this Commonwealth, shall procure a certificate of authority to do so from the Department of State, in the manner hereinafter provided in this article, unless the entire business operations of the corporation within this Commonwealth are within the protection

of the Commerce Clause of the Federal Constitution, in which event the corporation may engage in such business operations without procuring a certificate of authority. * * *"

6. Vereen v. The Chicago, Milwaukee, St. Paul and Pacific Railroad Company, 209 F.Supp. 919 (E.D.Pa., 1962), a case not dealing with service under § 2852–1011, subd. B contains supporting dictum. There is also support for this view in Robinson v. Atlantic Coast Line Railroad Company (E.D.Pa., Civil Action No. 13711, 1953) decided before the interpretation of § 2852–1011, subds. B and C by the Supreme Court of Pennsylvania in Rufo v. The Bastian-Blessing Co., infra.

subd. B for a cause of action arising out of its acts or omissions within the Commonwealth.

In light of my holding on the validity of service of process under § 2852–1011, subd. B, it is not necessary for me to decide whether the service of process upon the alleged office of the defendant in Pennsylvania was proper.

### ORDER

AND NOW, this 26th day of November, 1962, it is ordered that defendant's motions: (a) to reconsider the Order of July 27, 1962; (b) to strike the affidavit of Kenneth Syken, Esquire; and (c) to dismiss or quash service of summons, be and they are hereby denied.