James L. **BAXTER**, Guardian of the Estate of Marcia Saslov, a minor,

v.

Miller W. **COPPOCK**, Individually and trading as Coppock's Swim Club, Defendant and Third-Party Plaintiff,

v.

**AMERICAN PLAYGROUND DEVICE CO.**, Third-Party Defendant.

Civ. A. No. 27850.

United States District Court
E. D. Pennsylvania.

Jan. 16, 1962.

David Cohen and Hugh M. Odza, Philadelphia, Pa., for plaintiff.

Robert C. Kitchen, Philadelphia, Pa., for third-party defendant.

**JOHN W. LORD, Jr., District Judge.**

This action was brought to recover damages for minor plaintiff's injuries sustained on July 5, 1959, as a result of an accident while using a sliding board manufactured by third-party defendant and installed at defendant's swimming pool. The original suit was by plaintiffs against the owner of the swimming pool. The defendant owner then joined the third-party defendant on the theory that there was a defect in the manufacture, i. e. a V-shaped groove, amounting to a fault in the sliding board design, in which groove the minor plaintiff's finger was caught.

The Marshal's return shows service of Third-Party Summons and Complaint, Notice, Motion, Order, Third-Party Complaint and Complaint on the American Playground Device Co. by handing to and leaving a true and correct copy thereof with Sidney Lichtenstein, Manufacturer's Representative, American Playground Device Co., personally at 223 South 10th Street, Philadelphia, Pennsylvania, on August 8, 1960.

The defendant owner and operator of the swimming pool, in his capacity as third-party plaintiff, points out that Mr. Lichtenstein was the person in charge of the premises at 223 South Tenth Street, Philadelphia, which premises are listed in the Philadelphia telephone directory as the office of American Playground Device Co., telephone number MArket 7–5089. This address was listed in the 1959 telephone book, was repeated in the 1960 book, and is presently in the 1961 directory. He also says—and it has not been denied—that the American Playground Device Co. name is painted on the premises at 223 South Tenth Street, that its advertising displays and circulars appear in the windows, and its products are for sale at that store address.

Third-party defendant, by its counsel, made a general appearance and filed an answer on August 24, 1960. In that answer it admitted diversity of citizenship and jurisdiction, and denied or disclaimed knowledge as to the other matters alleged, and thus placed the case at issue.

Subsequently, plaintiffs filed a supplemental complaint directly against American Playground Device Co., third-party defendant. According to the Marshal's return, the latter company was served with summons of Amended Complaint on

July 7, 1961. That return recites that such service was made by handing to and leaving a true and correct copy with David Lichtenstein, Factory Representative, American Playground Device Co. at the same address.

To this supplemental complaint filed by the plaintiffs, no answer has yet been filed. On October 27, 1961, however, the third-party defendant (hereafter to be called *American*) filed a motion to set aside the original service in the third-party action and vacate its appearance. In that motion, American assigns a list of numbered reasons for the granting of the motion, which reasons may be summarized as follows:

American concedes that it was served with summons and complaint on August 5, 1960, but points out and argues that American is an Indiana corporation, with manufacturing plant and principal place of business in Anderson, Indiana. It is not registered as a foreign corporation in the Commonwealth of Pennsylvania, and had not been so registered at the times involved herein. The sliding board, it goes on to say, was designed and manufactured at Anderson, Indiana, and not in Pennsylvania.

American's main point is its assertion that it entered its general appearance under the authority of Florio v. Powder Power Tool Corp., 248 F.2d 367 (3rd Cir. 1957). Under the rule of that case, it says, the service of process upon it would have been effective.

Thereafter, American says, and after the filing of its general appearance, the law as stated in the Florio case, and upon which it had relied, was upset by a decision of the Supreme Court of Pennsylvania handed down July 17, 1961: Rufo v. Bastian-Blessing Co., 405 Pa. 12, 173 A.2d 123 (1961). Under that decision, American says, the service of process would not have been good.

American further says that the effect of the Rufo decision was retroactive, just as though the law had never been otherwise, quoting:

"* * * In general, the construction placed upon a statute by the courts becomes a part of the act, *from the very beginning*. And when former decisions are overruled, the reconsidered pronouncement becomes the law of the statute from the date of its enactment." Buradus v. General Cement Products Co., 159 Pa. Super. 501, 504, 48 A.2d 883, 885 (1946).

It will be seen that American is asking most extraordinary relief. In the first place, it has cited no authority to the effect that reliance upon a rule of law which is overruled by an intervening decision is justification for the withdrawal of a general appearance.

In the second place, American has placed nothing on the record to demonstrate its reliance on the rule of the Florio case. As the record stands, there is nothing to show American's reliance on the Florio case beyond the mere assertion of the pleader.

Since the next point is in any event fatal to the position of American, no further discussion will be devoted here to the last mentioned difficulties. That point is that the change of law described by this third-party defendant has no bearing on its own situation. Florio and Rufo were concerned solely with substituted service, that is, service upon non-registered foreign corporations through the Secretary of the Commonwealth.

The cases in question, and the statute which they interpreted, were discussed in a recent decision of this court: Kramer v. Lakeside Laboratories, 200 F.Supp. 530 (E.D.Pa., January 2, 1962; Welsh, Sr. J.). In that case,

"* * * The complaint was served upon the defendant through the Secretary of the Commonwealth, purportedly in accord with the provisions of § 1011, subd. B of the Business Corporation Law of May 5, 1933 as amended, P.L. 364, 15 P.S. § 2852-1011.

"Defendant, a non-registered foreign corporation, has filed a motion to dismiss and an amended motion to dismiss the complaint challenging the jurisdiction of the Court over its person upon the grounds that (1) it was not 'doing business' in Pennsylvania and (2) the action did not arise out of any 'acts or omissions' of the defendant in Pennsylvania."

Shortly thereafter the United States District Court discussed the requirements for substituted service under the Pennsylvania Business Corporation Law as follows:

"§ 1011, subd. B clearly sets forth two jurisdictional requirements which must be satisfied before a non-registered foreign corporation may be validly *served with process through the Secretary of the Commonwealth* [emphasis supplied] * * *."

The very cases cited by American are then considered by the United States District Court, and the change of law explained, i. e.:

"In Rufo v. Bastian-Blessing Company, 405 Pa. 12, 173 A.2d 123 (1961) the Supreme Court of Pennsylvania had the occasion to construe the meaning of this portion of § B, i. e., 'action[s] arising out of acts or omissions * * * within this Commonwealth'.

"Prior to Rufo, the law of this Circuit and this District was that if an injury occurred in Pennsylvania the action did arise out of 'acts or omissions' of the defendant in Pennsylvania within the meaning of § 1011, subd. B and service upon an unregistered foreign corporation in accordance with the provisions of said section was valid. Florio v. Powder Power Tool Corp., 3 Cir., 248 F.2d 367 (1957) and Mays v. Oxford Paper Company, supra [195 F.Supp. 414 (E.D.Pa.1961; Wood, J.)]. In the absence of any legislative intent or Pennsylvania Supreme Court decision, this law remained. However,

in Rufo, the Pennsylvania Supreme Court held that service on an unregistered foreign corporation under § 1011, subd. B was valid in an action arising out of 'acts or omissions' occurring in Pennsylvania and invalid where the harm or injury occurred in Pennsylvania but the 'acts or omissions' constituting negligence or breach of warranty occurred outside of Pennsylvania. * * * *"

In the instant case, the pleadings point toward Anderson, Indiana—the place of manufacture of the sliding board—as the place where American's alleged act of negligence occurred. In that circumstance, the situation of American may be summarized, as this Court sees it, as follows:

(1) American would have been required to show that it relied on the law of Pennsylvania as incorrectly stated in the Florio case of 1957 when it filed its general appearance. Since such reliance is a matter beyond the pleadings, considerably more than the mere assertion of the pleader would have been necessary in this respect.

(2) American would have had to show authority which would justify the withdrawal of its general appearance even though it had shown reliance on the Florio rule.

(3) It would have had to show that it had been served by substituted service on the Secretary of the Commonwealth—which obviously was not the fact, or

(4) American would have had to persuade this Court that the provisions of the Business Corporation Law as to substituted service are pertinent to summons by personal service.

█ In connection with the last-mentioned weakness in the third-party defendant's position, it is particularly to be noted that not one of the cases cited or discussed concern the personal service of summons, i. e. Florio v. Powder Power Tool Corp., 248 F.2d 367 (3rd Cir. 1957); Rufo v. Bastian-Blessing Co., 405 Pa. 12, 173 A.2d 123 (1961); Kramer v. Lakeside Laboratories, 200 F.Supp.

530 (E.D.Pa., January 2, 1962); Mays v. Oxford Paper Company, 195 F.Supp. 414 (E.D.Pa.1961). There is no justification for an assertion that the latest interpretation of the Pennsylvania Corporation Law as to substituted service controls and decides a case wherein there was actual, personal service upon an agent of a foreign corporation at its established place of business in the Commonwealth of Pennsylvania.

To the contrary, it would seem that the matter would be governed by the applicable Pennsylvania rules relating to personal service, jurisdiction and venue such as Rules 1006, 1042, 2179 and 2180, 12 P.S.Appendix, Rules of Civil Procedure. It has not been shown that there was any lack of compliance with such rules.

For the foregoing reasons, it is the ruling of this Court that the motions of third-party defendant to set aside service, vacate appearance of counsel, and dismiss the complaint of third-party plaintiff against American Playground Device Co. as third-party defendant are denied and it is SO ORDERED.