Phyllis BAILEY, Administratrix of the Estate of Donald W. Bailey, Deceased,

v.

Fred O. EILER, trading as Culmerville Airport; Mooney Aircraft, Inc., a corporation; and Mooney Sales Company, a corporation.

Civ. A. No. 60-566.

United States District Court
W. D. Pennsylvania.

May 24, 1962.

Evans, Ivory & Evans, Pittsburgh, Pa., for plaintiff.

Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., for defendants.

GOURLEY, Chief Judge.

This matter comes before the Court on plaintiff's petition to open the default judgment entered by this Court on May 25, 1961, against Mooney Aircraft, Inc., a corporation, and Mooney Sales Company, a corporation, as to liability in which it was further ordered that, as to the defendants, the only question for the determination of the Court and jury was the amount of damages as to said defendants.

The plaintiff now moves to dismiss the action as it relates to said defendants for the reason that this Court was without authority by its order of September 1, 1960, to empower the United States Marshal to serve said defendants by sending a true and attested copy of the summons and complaint by Registered Mail, Return Receipt Requested, to the Secretary of the Commonwealth of Pennsylvania and to the defendants at Kerrsville, Texas, and for the additional reason that the service of process on said defendants through the Secretary of the Commonwealth of Pennsylvania was improper and in violation of the law of Pennsylvania, more particularly 15 Pa. P.S., Sec. 2852–1011, subd. B and C of the Business Corporation Law of May 5, 1933, as amended P.L. 364.

The following question is posed:

Is a foreign corporation which is not registered to do business and which does not engage in business in the State of Pennsylvania, and where the acts of negligence which give rise to the cause of action did not occur within the State of Pennsylvania, subject to service of process by the United States Marshal being authorized by order of this Court to serve said defendants by sending a true and attested copy of the summons and

complaint to the Secretary of the Commonwealth of Pennsylvania and to the foreign address of the defendant corporations by Registered Mail, Return Receipt Requested?

The answer is no.

It is not disputed that the summons and complaint were served upon each of the defendants by the United States Marshal by forwarding copies of said pleadings to the Secretary of the Commonwealth and the defendants at their addresses in the State of Texas.

Neither of said defendants appeared nor were answers filed and, after the entry of default judgment as to liability in favor of the plaintiff and against said defendants, counsel for the plaintiff became aware of a decision of the Supreme Court of Pennsylvania which indicates that the service of process was improper. It is not in dispute that none of said defendants have a place of business nor are they engaged in doing business in Pennsylvania and that the facts and circumstances which gave rise to the instant cause of action as to each of said defendants did not arise out of any acts or omissions of either defendant in the Commonwealth of Pennsylvania.

The procedure which is permissible for the service of a summons and complaint in the United States District Court where a foreign corporation is a litigant has been set forth in the Federal Rules of Civil Procedure, 28 U.S.C.A.

Rule 4(d) (3) provides inter alia as follows:

The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made in the following manner:

"Upon a foreign corporation which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires by also making a copy available to the defendant."

Rule 4(d) (7) further provides, inter alia, that service provided for in Rule 4 (d) (3) is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States *or in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state.* (Emphasis Supplied)

There is no statute of the United States which provides for the service of a summons and complaint in a diversity action based on alleged negligent conduct of a foreign corporation. It therefore becomes obligatory to make reference to the law of Pennsylvania to resolve the question.

In the case of Rufo v. Bastian-Blessing Co., 405 Pa. 12, 173 A.2d 123, the Supreme Court of Pennsylvania had the occasion to construe the meaning of the Business Corporation Law of Pennsylvania, more particularly 15 Pa.P.S., Sec. 2852–1011(B) and (C), and this question has also been recently considered by the United States District Courts within the Circuit which seems to support the legal thesis of the plaintiff.

Prior to Rufo, the law of this Circuit and this District was that if an injury occurred in Pennsylvania, the action did arise out of "acts or omissions" of the defendant in Pennsylvania within the meaning of Sec. 1011, subd. (B) and service upon an unregistered foreign corporation in accordance with the provisions of said section was valid. Florio v. Powder Power Tool Corp., 3 Cir., 248 F.2d 367, and Mays v. Oxford Paper Co.,

D.C., 195 F.Supp. 414. In the absence of any legislative intent or Pennsylvania Supreme Court decision, this law remained. However, in Rufo, the Pennsylvania Supreme Court held that service on an unregistered foreign corporation under Sec. 1011, subd. (B) was valid in an action arising out of "acts or omissions" occurring in Pennsylvania and invalid where the harm or injury occurred in Pennsylvania but the "acts or omissions" constituting negligence or breach of warranty occurred outside of Pennsylvania, Kramer v. Lakeside Laboratories, D.C., 200 F.Supp. 530; Baxter v. Coppock, D.C., 202 F.Supp. 907.

Based upon the authorities above discussed, it now appears definitely settled that no action may be maintained in Pennsylvania against a foreign corporation who is not registered to do business in the State of Pennsylvania and who is not engaging in any business activities in the State of Pennsylvania unless the cause of action arises out of acts of negligence which were committed by the corporation in Pennsylvania.

NOW, THEREFORE, THIS 24th day of May, 1962, it is ordered and decreed that default judgment entered by this Court on May 25, 1961, as against Mooney Aircraft, Inc., a corporation, and Mooney Sales Company, a corporation, as to liability will be and hereby is vacated.

FINALLY IT IS ORDERED that plaintiff's motion to dismiss complaint as it relates to Mooney Aircraft, Inc., a corporation, and Mooney Sales Company, a corporation, will be and it hereby is granted for the reason that service has not been made upon said Texas corporations in accordance with the applicable rules of law in the Commonwealth of Pennsylvania which relate to personal service jurisdiction and venue.

Said dismissal is entered without prejudice.