216

Peter ELISH, Anthony Mavrich, Jr., and
John Progar, Sr., Trustees ad Litem,
and their successors, Trustees of and
for Pioneer Lodge No. 138 S.N.P.J.,
Strabane, Pennsylvania, a subordinate
Lodge of the Slovenian National Bene-
fit Society of the United States
and
S.N.P.J. Lodge No. 138, Plaintiffs,

v.

McDONNELL AND MILLER, INC., a
corporation, Defendant.

Civ. A. No. 62–413.

United States District Court
W. D. Pennsylvania.

Jan. 10, 1963.

Wray Zelt, Washington, Pa., for plain-
tiff.

Russell J. Butler, Jr., Weis & Weis,
Pittsburgh, Pa., for defendant.

ROSENBERG, District Judge.

The complaint was filed on June 4,
1962 to recover damages to real property
as the result of an explosion which oc-
curred on June 3, 1956 at Strabane, Penn-
sylvania. A summons was served on one
A. W. Nash, *manufacturer's representa-
tive with offices at 238 First Avenue*,
Pittsburgh. On October 15, 1962, ap-
proximately four months later, an alias
summons was served on the Secretary of
the Commonwealth of Pennsylvania and
on the defendant by registered mail pur-
suant to the Pennsylvania statute. Busi-
ness Corporation Law of May 5, 1933, 15
P.S. § 2852–1011, subsection B.

The defendant here attacks the legality
of the service upon it by a motion to dis-
miss the complaint. The plaintiffs allege
that the defendant manufacturers boiler
water feeders at Chicago, Illinois, and
that an explosion caused damages to the
plaintiffs because of a defective water
feeder manufactured by the defendant
and installed in the plaintiffs' building.

The defendant in its brief now says
that it is not registered as a foreign cor-
poration to do business in Pennsylvania,
and that Nash, upon whom service had
originally been made on June 5th, is only

a dealer and not the company representative for the purpose of accepting service of judicial process, and further, that the listing of the defendant's name with Nash in the telephone directory was done without authority, by the dealer himself, and did not constitute such agency as could obligate the defendant. A number of other factual averments are made which are evidential rather than argumentative, and the fact that the defendant is not registered to do business in Pennsylvania is admitted by the plaintiff.

Because the defendant set out considerable factual circumstances in its brief, the plaintiffs in their reply brief took issue with these facts and set out additional facts. Thus, we have here the situation where questions of fact are set out not in the pleadings but in the briefs of the parties. Neither of these briefs are supported by affidavit and we are now being asked to make a determination upon questions of fact. The questions of fact as raised here by the briefs are (1) Is Nash the defendant's agent, and (2) Does the defendant do business in Pennsylvania? Both jurisdiction and venue may well rest on the answers to these questions. For this reason alone, the defendant should be required to file an answer, and provide a proper determination or answers to these questions. However, we will consider additionally the defendant's argument in support of its motion.

The defendant supports its position upon the recent decision of the Pennsylvania Supreme Court in Rufo v. Bastien Blessing Co., 405 Pa. 12, 173 A.2d 123 (1961). In that case, service on the manufacturer of a defective valve was an issue. The Supreme Court concluded that if the valve was defective by reason of negligence in its manufacture, or by failure to inspect it, the only acts or omissions must have taken place in Illinois and not in Pennsylvania. The defendant in the Rufo case was never served personally and service was through the Sec-

retary of the Commonwealth of Pennsylvania pursuant to provision 1011 of the Pennsylvania Business Corporation Law. In further support of its argument, the defendant cites Saccocia v. Stough, 198 F.Supp. 169 (D.C.1961), where Judge McIlvaine followed the ruling in the Rufo case and declared that service on an unregistered corporation, through the Secretary of the Commonwealth, was invalid where the claim for damages was for a defective article manufactured in another state.

In Baxter v. Coppack and American Playground Device Co., 202 F.Supp. 907 (D.C.1962), the plaintiff was injured while on a sliding board manufactured by the defendant in Indiana and installed in a swimming pool owned by Coppack in Pennsylvania. Service was had on the manufacturer's representative. The defendant filed a motion to dismiss the complaint alleging that under the decision of the Rufo case, service was ineffective. Judge Lord dismissed the motion on the ground that service on the manufacturer's representative was sufficient personal service. The Court then cited the change in law as to the requirement of service as explained in Kramer v. Lakeside Laboratories, D.C., 200 F.Supp. 530:

" ' * * * The complaint was served upon the defendant through the Secretary of the Commonwealth, purportedly in accord with the provisions of § 1011, subd. B of the Business Corporation Law of May 5, 1933 as amended P.L. 364, 15 P.S. § 2852–1011.

" 'Defendant, a non-registered foreign corporation, has filed a motion to dismiss and an amended motion to dismiss the complaint challenging the jurisdiction of the Court over its person upon the grounds that (1) it was not "doing business" in Pennsylvania and (2) the action did not arise out of any "acts or omissions" of the defendant in Pennsylvania.' "

The very cases cited by the defendant are considered by the United States Dis-

trict Court and the change of law is explained therein. The Court notes that in the Baxter case the alleged defective valve was manufactured outside Pennsylvania, and was therefore, the place where the alleged negligence occurred. However, the Court points out that in none of the cases cited by the defendant, Coppack, (Florio v. Powder Power Tool Corp., 284 F.2d 367, 3rd Cir., 1957; Rufo v. Bastian Blessing Co., supra; Kramer v. Lakeside Laboratories, supra; Mays v. Oxford Paper Company, 195 F. Supp. 414, E.D.Pa., 1961,) was there personal service of the summons.

Judge Lord asserts in the Baxter case 202 F.Supp. at page 911 that:

"There is no justification for an assertion that the latest interpretation of the Pennsylvania Corporation Law as to substituted service controls and decides a case wherein there was actual, personal service upon an agent of a foreign corporation at its established place of business in the Commonwealth of Pennsylvania."

Since an issue of facts (raised by the briefs) is now before the Court which blends and supplements the claims set out in the complaint, the motion to dismiss the complaint will be refused.